MARY KATE SULLIVAN (State Bar No. 180203)
LASZLO LADI (State Bar No. 265564)
ll@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NATIONSTAR MORTGAGE, LLC (erroneously
sued as Nationstar Mortgage)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RUBINSTEIN and MARINA GOCHA,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE,<br><br>Defendant. | Case No. 4:14-cv-00986-DMR<br><br>**NOTICE OF MOTION; NATIONSTAR MORTGAGE, LLC'S MOTION TO DISMISS COMPLAINT**<br><br>Date:    April 24, 2014<br>Time:    11:00 a.m.<br>Room:    4—3rd Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 24, 2014 at 11:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 4 of the above-entitled Court, located at 1301 Clay Street, Oakland, CA 94612, defendant Nationstar Mortgage, LLC ("Nationstar") will and hereby does move for an order dismissing Nationstar from the Complaint filed by plaintiffs Edward Rubinstein and Marina Gocha ("Plaintiffs").

This motion is made pursuant to Rule 12(b)(6) and is based on the grounds that the Complaint and each of its causes of action fails to state a claim against Nationstar upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is based on this notice of motion and motion, the memorandum of points and authorities and request for judicial notice filed herewith, the Complaint and all other pleadings and

1  records on file in this action, and upon such other argument as the Court may consider at the
2  hearing on this motion.
3
4  DATED:  March 7, 2014                    Respectfully submitted,
5
                                            SEVERSON & WERSON
6                                           A Professional Corporation
7
8                                           By:      */s/ Laszlo Ladi*
                                                         Laszlo Ladi
9
10                                          Attorneys for Defendant
                                            NATIONSTAR MORTGAGE, LLC (erroneously sued
11                                          as Nationstar Mortgage)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11951.0326/3139312.1                        2                           4:14-cv-00986-DMR
NOTICE OF MOTION; NATIONSTAR MORTGAGE, LLC'S MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................... 1

III. LEGAL STANDARD ON MOTION TO DISMISS ............................................................ 2

IV. ARGUMENT ........................................................................................................................ 3

    A. Plaintiffs Lack Title to the Property and Therefore Lack Standing. ......................... 3

    B. The Underlying Theory Regarding Payment of the Loan Fails. ............................... 3

    C. The Underlying Theory Regarding Securitization of the Loan Lacks Merit. ........... 4

        1. Any Claim Based on Purported Securitization Errors is Not Viable. ........... 4

        2. As There is No Foreclosure, Plaintiffs' Case is Further Distinguishable. ..................................................................................................... 5

        3. Plaintiff Do Not State Any Resulting Prejudice. ........................................... 6

        4. As Servicer of the Loan, Nationstar is Not Liable Under 15 U.S.C. § 1641(g), and Plaintiffs Have Not Pled Any Resulting Damages. .............. 6

    D. Individually, Plaintiffs' Causes of Action Fail to State a Claim. .............................. 7

        1. Plaintiffs' First Cause of Action for Quiet Title Fails Substantively and Does Not Comply with the Statutory Requirements for a Claim for Quiet Title. .............................................................................................. 7

        2. Plaintiffs' Second Cause of Action for Declaratory Relief is Duplicative. ................................................................................................... 8

        3. Plaintiffs' Third Cause of Action for Slander of Title Fails Because Plaintiffs Do Not Have Title to the Property and Fail to Allege Damages. ....................................................................................................... 9

        4. Plaintiffs' Fourth Cause of Action for Violation of Civil Code Section 2923.5 Fails to State a Claim Because No Foreclosure is Pending. ........................................................................................................ 10

V. CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Apostol v. CitiMortgage, Inc.*,
    2013 WL 6328256 (N.D. Cal. Nov. 21, 2013) .................................................................. 5, 6

*Balistreri v. Pacifica Police Dep't.*,
    901 F.2d 696 (9th Cir.1990) .................................................................................................. 2

*Beall v. Quality Loan Serv. Corp.*,
    2011 WL 1044148 (S.D. Cal. Mar. 21, 2011) ....................................................................... 7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................................................. 2

*Byrd v. Guild Mortgage Co.*,
    2011 WL 6736049 (S.D. Cal. Dec. 20, 2011) ....................................................................... 7

*Che v. Aurora Loan Servs., LLC*,
    847 F.Supp.2d 1205 (C.D. Cal. 2012) ................................................................................... 7

*Church of Scientology of Cal. v. Flynn*,
    744 F.2d 694 (9th Cir.1984) .................................................................................................. 2

*Clegg v. Cult Awareness Network*,
    18 F.3d 752 (9th Cir.1994) .................................................................................................... 3

*Diunugala v. JP Morgan Chase Bank, N.A.*,
    2013 WL 5568737 (S.D. Cal., Oct. 3, 2013) ......................................................................... 5

*Durning v. First Boston Corp.*,
    815 F.2d 1265 (9th Cir.1987) ................................................................................................ 2

*Hosseini v. Wells Fargo Bank, N.A.*
    2013 WL 4279632 (N.D. Cal., Aug. 9, 2013) ....................................................................... 5

*In re Sandri*,
    2013 WL 5925655 (Bankr. N.D. Cal. Nov. 4, 2013) ............................................................ 5

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .............................................................................................................. 2

*Mack v. South Bay Beer Distributors*,
    798 F.2d 1279 (9th Cir.1986) ................................................................................................ 2

*Mullis v. U.S. Bankr. Ct.*,
    828 F.2d 1385 (9th Cir.1987) ................................................................................................ 2

*Newman v. Bank of New York Mellon*,
 2013 WL 5603316 (E.D. Cal., Oct. 11, 2013) ....................................................................... 5

*Parks Sch. of Bus., Inc. v. Symington*,
 51 F.3d 1480 (9th Cir.1995) ................................................................................................. 2

*Rosas v. Carnegie Mortgage, LLC*,
 2012 WL 1865480 (C.D. Cal. May 21, 2012) ...................................................................... 4

*Sprewell v. Golden State Warriors*,
 266 F.3d 979 (9th Cir.2001) .............................................................................................. 2, 3

*Steckman v. Hart Brewing, Inc.*,
 143 F.3d 1293 (9th Cir.1998) ............................................................................................... 2

*Subramani v. Wells Fargo Bank N.A.*,
 2013 WL 5913789 (N.D. Cal. Oct. 31, 2013) ....................................................................... 5

*Tamburri v. Suntrust Mortgage, Inc.*,
 2011 WL 6294472 (N.D. Cal. Dec. 15, 2011) ...................................................................... 6

**STATE CASES**

*Ephraim v. Metro. Trust Co.*,
 28 Cal.2d 824 (1946) ............................................................................................................ 8

*Fontenot v. Wells Fargo Bank, N.A.*,
 198 Cal.App.4th 256 (2011) ........................................................................................... 6, 10

*Glaski v. Bank of America, National Association*,
 218 Cal.App.4th 1079 (2013) ........................................................................................ 4, 5, 6

*Gomes v. Countrywide Home Loans, Inc.*,
 192 Cal.App. 4th 1149 (2011) .............................................................................................. 4

*Jenkins v. JP Morgan Chase Bank, N.A.*,
 216 Cal.App.4th 497 (2013) ..................................................................................... 4, 5, 8, 9

*Mission Oaks Ranch, Ltd. v. County of Santa Barbara*,
 65 Cal.App.4th 713 (1998) ................................................................................................... 5

*Pacific Elec. Ry. Co. v. Dewey*,
 95 Cal.App.2d 69 (1949) ...................................................................................................... 8

*Siliga v. Mortgage Elec. Registration Sys., Inc.*,
 219 Cal. App. 4th 75 (2013) ..................................................................................... 4, 6, 8, 9

*Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*,
 205 Cal. App. 4th 999 (2012) ........................................................................................... 3, 9

**FEDERAL STATUTES**

15 U.S.C.
    § 1640(a) .................................................................................................................... 7
    § 1641(g) ................................................................................................................. 6, 7

**STATE STATUTES**

California Civil Code
    § 2923.5(a) ............................................................................................................... 10
    § 2923.5(a)(1)........................................................................................................... 10
    § 2923.5(e) ............................................................................................................... 10

California Code of Civil Procedure
    § 761.020................................................................................................................... 7
    § 761.020(b) ........................................................................................................... 3, 7
    § 1060........................................................................................................................ 8

**RULES**

Federal Rules of Civil Procedure
    Rule 12(b)(6) ......................................................................................................... 1, 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Edward Rubinstein and Marina Gocha ("Plaintiffs") sue their mortgage loan servicer, Nationstar Mortgage, LLC ("Nationstar") challenging the purported securitization of their mortgage loan. Plaintiffs' complaint, short on specifics, argues their loan was transferred to an unnamed securitized trust and therefore Nationstar lacks standing and their $1,500,000 mortgage should be cancelled in its entirety. Plaintiffs also contest purported foreclosure proceedings but do not cite to any specific documents. This is because no foreclosure proceedings have actually commenced. The Complaint is a clear example of a preemptive lawsuit challenging a loan's securitization based on vague and conclusory allegations and without alleging any damages. Numerous courts have rejected such claims. Here too, Plaintiffs have identified no basis to challenge the alleged securitization of their loan. Aside from the fact that Plaintiffs' underlying theory lacks merit, they themselves lack standing to bring this lawsuit because Plaintiffs transferred ownership in the property at issue in January 2007. For these reasons, and explained in greater detail below, Nationstar respectfully requests the Court grant its Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure with prejudice.

## II. FACTUAL BACKGROUND

Plaintiffs borrowed $1,500,000 from Preferred Financial Group, Inc. d/b/a Wholesale Lending Online in January 19, 2007 (the "Loan"). Complaint ("Compl."). ¶ 13(a); Request for Judicial Notice ("RJN") Ex. A. The Loan was secured by a deed of trust (the "Deed of Trust") recorded against the real property commonly known as 35 Bel Aire Court, Hillsborough, California, 94010 (the "Property"). RJN Ex. A. Nationstar is servicer of the Loan. Compl. ¶ 7.

After Plaintiffs obtained the Loan, Plaintiffs recorded a grant deed that transferred ownership of the Property to Beltahoe, Limited Partnership ("Beltahoe"). RJN Ex. B.

Plaintiffs allege that at some unspecified time, the Loan was transferred to some unspecified securitized trust. *See* Compl. ¶ 13. Plaintiff also claim that, as part of this purported securitization, mortgage default insurance was obtained; later, at another unspecified time, Plaintiffs allege the Loan was paid in full by the mortgage default insurance. Compl. ¶¶ 14–17.

1  There is no foreclosure pending. *See* RJN Exs. C, D.

## III. LEGAL STANDARD ON MOTION TO DISMISS

To survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *id*. at 554–56, 562–63 (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the facts pleaded in the complaint must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir.1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001)(citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th

Cir.1986). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994). Nor need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

### IV.  ARGUMENT

**A.  Plaintiffs Lack Title to the Property and Therefore Lack Standing.**

Throughout the Complaint, Plaintiffs allege they are owners of the Property. *See*, *e.g.*, Compl. ¶ 6. However, on a Motion to Dismiss, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell*, 266 F.3d at 988. Here, contrary to Plaintiffs' assertion, the Property is owned by Beltahoe. *See* RJN Ex. B. Plaintiffs transferred their interest in the Property to Beltahoe in January 2007. *Id*. As a result, Plaintiffs cannot state a claim for quiet title, slander of title, and declaratory relief because all three claims require the Plaintiff to have title or an ownership interest in the property.

Specifically, in a cause of action for quiet title, a plaintiff must describe their title and the basis for their title. Cal. Code Civ. Proc. § 761.020(b). Similarly, to state a claim for slander of title, the owner of the property interest must suffer an economic loss as the direct result of the slanderous publication. *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*, 205 Cal. App. 4th 999, 1030 (2012). Finally, Plaintiffs' claim for declaratory relief is premised on a purported controversy between Plaintiffs and Nationstar regarding the parties' respective interests in the Property. Compl. ¶ 46.

Thus, because Plaintiffs transferred their interest in the Property, Plaintiffs are not the correct party to attempt to state these claims against Nationstar. For this reason alone, Nationstar requests the Court grant its Motion to Dismiss with prejudice.

**B.  The Underlying Theory Regarding Payment of the Loan Fails.**

Aside from Plaintiffs' lack of standing to bring their claims, their central theories are also defective. Plaintiffs' first major contention is that mortgage default insurance (that was procured when the loan was allegedly securitized) has paid the Loan in full. Compl. ¶¶ 14–17. Plaintiffs admit that the securitized trust, not Plaintiffs, obtained the mortgage default insurance. Compl. ¶

14. Although they do not explicitly say it, presumably Plaintiffs believe they are now absolved from further payments on the $1,500,000 Loan. However, claims that a loan was paid through third-party sources such securitization, credit default swaps, or default insurance are not grounds to quiet title or to discharge a loan. *See*, *e.g.*, *Rosas v. Carnegie Mortgage, LLC*, 2012 WL 1865480, at *8 (C.D. Cal. May 21, 2012)(collecting cases). Such claims do not impact a borrower's obligations under their loan. *Id*. Moreover, fundamentally, it would be grossly inequitable to reward a borrower who defaults by then providing them with a discharge of their loan. Therefore, Plaintiffs' first theory cannot support any of their causes of action.

**C.     The Underlying Theory Regarding Securitization of the Loan Lacks Merit.**

Next, Plaintiffs contend that during the purported securitization of the Loan, the promissory note was not assigned or transferred to the unspecified securitized trust. *See*, *e.g.*, Compl. ¶ 19. Similarly, Plaintiffs assert no assignment of the Deed of Trust to the securitized trust was recorded. Compl. ¶ 25.[1] Plaintiffs' challenge of the purported securitization of the Loan to an unspecified trust at an unspecific time is the sole basis for their first three causes of action. *See*, *e.g.*, Compl. ¶¶ 39, 45, 54. Plaintiffs' theories appear to be based on the claims raised in *Glaski v. Bank of America, National Association*, 218 Cal.App.4th 1079 (2013) (hereinafter "*Glaski*").

**1.     Any Claim Based on Purported Securitization Errors is Not Viable.**

All of Plaintiff's theories premised on purported securitization errors fail. The holding in *Glaski* is in the minority and numerous California cases have held that borrowers such as Plaintiff have no right to challenge the securitization process and any resulting assignments. *See*, *e.g.*, *Siliga v. Mortgage Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75, 82 (2013); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 515 (2013)("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [Plaintiffs] lack[] standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions"); *Gomes v. Countrywide*

---

[1] The conclusory nature of this claim is illustrated by Plaintiffs' contradictory claim under their cause of action for slander of title, which complains that an assignment of the deed of trust **was** recorded and slandered their title. *See*, *e.g.*, Compl. ¶ 49.

*Home Loans, Inc.*, 192 Cal.App. 4th 1149, 1155 (2011)(California's non-judicial foreclosure scheme does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized."). Numerous other courts, including ones in the Northern District and this Court itself, have recently and explicitly rejected *Glaski*'s holding. *See*, *e.g.*, *Apostol v. CitiMortgage, Inc.*, 2013 WL 6328256, at *6–7 (N.D. Cal. Nov. 21, 2013); *In re Sandri*, 2013 WL 5925655, at * 4 (Bankr. N.D. Cal. Nov. 4, 2013)("A majority of district courts in California have held that borrowers do not have standing to challenge the assignment of a loan because borrowers are not party to the assignment agreement"); *Subramani v. Wells Fargo Bank N.A.*, 2013 WL 5913789, at * 3 (N.D. Cal. Oct. 31, 2013)(collecting cases and distinguishing *Glaski*); *Hosseini v. Wells Fargo Bank, N.A.*, 2013 WL 4279632, at * 3 (N.D. Cal., Aug. 9, 2013)(collecting cases); *Newman v. Bank of New York Mellon*, 2013 WL 5603316, at *3 fn. 2 (E.D. Cal., Oct. 11, 2013)(collecting cases and distinguishing *Glaski*); *Diunugala v. JP Morgan Chase Bank, N.A.*, 2013 WL 5568737, at *8(S.D. Cal., Oct. 3, 2013)(collecting cases and distinguishing *Glaski*).

Here, Plaintiffs are not a party to the securitization process or any resulting transfers. *See* Compl. ¶ 13. It is well established that "[o]ne who is not a party to a contract has no right to enforce it unless it is an intended third party beneficiary of the contract." *Mission Oaks Ranch, Ltd. v. County of Santa Barbara*, 65 Cal.App.4th 713, 724 (1998)(disapproved on other grounds). Thus, even if there was some sort of securitization error, the relevant parties are the transferor and transferee, not Plaintiffs who are unrelated third parties. *Jenkins*, 216 Cal.App.4th at 515.

**2.      As There is No Foreclosure, Plaintiffs' Case is Further Distinguishable.**

Although Nationstar strongly believes that, as discussed above, the correct view is that a borrower may not bring a lawsuit at all challenging a foreclosing beneficiary based on purported securitization errors, Plaintiffs' situation here is further distinguishable because there is no foreclosure pending here. Although Plaintiffs make reference to a notice of default, they do not attach the notice of default and do not provide any details. Compl. ¶ 67. In fact, no notice of default has been recorded against the Property. *See* RJN Exs. C, D. In the few cases where a borrower has stated a claim based on purported securitization errors, the courts have found the

plaintiff stated **specific grounds** for their theory that the foreclosure was not conducted at the direction of the correct part. *Glaski*, 218 Cal.App.4th at 1099; *Tamburri v. Suntrust Mortgage, Inc.*, 2011 WL 6294472, at *10 (N.D. Cal. Dec. 15, 2011). Here, Plaintiffs neither list specific grounds (as the Complaint is filled with vague, unspecified allegations), nor is there a foreclosure pending. *See* Compl.; RJN Exs. C, D. Plaintiffs cite no authority (nor can they) that holds a borrower can challenge the securitization process when the borrower is a non-party to the securitization process and there is no foreclosure pending. *See* Compl.

### 3. Plaintiff Do Not State Any Resulting Prejudice.

Further illustrating the underlying conceptual failure of Plaintiffs' theory, at no point do Plaintiffs allege any prejudice or damages from the any of the purported securitization errors. Absent any prejudice, Plaintiffs have no standing to complain about any purported errors in the securitization, lack of authority, or defective transfers. *See Siliga*, 219 Cal. App. 4th at 85; *Apostol*, 2013 WL 6328256, at * 7. Any assignment or transfer of the Loan has no effect on the Plaintiffs' payment obligations on the Loan, or on the Property. *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272 (2011)("…an assignment merely substituted one creditor for another, without changing [Plaintiffs'] obligations under the note."). Thus, even if Plaintiffs have stated a theory challenging the securitization (and Nationstar contends they have not), Plaintiffs must also demonstrate they have suffered prejudice from the alleged irregularity.

Here, Plaintiffs make no claims about any damages caused by the securitization process. *See* Compl. For example, Plaintiffs do not contend the securitization process interfered with their payment obligations under the Loan. *Id*. Absent such a claim, it is difficult to see how the securitization process even affected Plaintiffs. *See Fontenot*, 198 Cal.App.4th at 272. Because Plaintiffs do not allege prejudice, they cannot state a claim based on their theories challenging the securitization process.

### 4. As Servicer of the Loan, Nationstar is Not Liable Under 15 U.S.C. § 1641(g), and Plaintiffs Have Not Pled Any Resulting Damages.

Among Plaintiffs' lengthy and repetitive arguments regarding the securitization of the loan, they making a passing reference to 15 U.S.C. § 1641(g), under the Truth in Lending Act

("TILA"). Compl. ¶ 23. Plaintiffs contend that Nationstar violated this provision under TILA when the Loan was transferred to a securitized trust without notice to Plaintiffs or without recording notice in the San Mateo County Recorder's Office. *Id.* However, Nationstar is only servicer of the Loan. Compl. ¶ 7. Loan servicers are not liable under TILA as an assignee unless the servicer owned the loan obligation. *Che v. Aurora Loan Servs., LLC*, 847 F.Supp.2d 1205, 1209 (C.D. Cal. 2012). More importantly, Plaintiffs do not allege any resulting damages from the purported failure to provide notice. *See* Compl. ¶ 23. Under this provision, liability only exists for actual damages sustained as a result of the violation. 15 U.S.C. § 1640(a); *Che*, 847 F.Supp.2d at 1209; *Byrd v. Guild Mortgage Co.*, 2011 WL 6736049, at *5 (S.D. Cal. Dec. 20, 2011); *Beall v. Quality Loan Serv. Corp.*, 2011 WL 1044148, at * 6 (S.D. Cal. Mar. 21, 2011). Consequently, Plaintiffs do not allege a violation of section 1641(g) in their introductory arguments.

**D.     Individually, Plaintiffs' Causes of Action Fail to State a Claim.**

In addition to the above conceptual and underlying failures with Plaintiffs' central theory in the Complaint, each of their four individual causes of action fail to state a claim.

**1.     Plaintiffs' First Cause of Action for Quiet Title Fails Substantively and Does Not Comply with the Statutory Requirements for a Claim for Quiet Title.**

In their first cause of action, Plaintiffs seek quiet title as to the Property against the claims of Nationstar. Compl. ¶¶ 35, 36. The basis for their request is Plaintiffs' belief that the Loan was improperly securitized and therefore no party is entitled to receive payments or foreclose except the original lender. Compl. ¶ 38.

First, this cause of action fails because there are a number of procedural defects in Plaintiffs' claim. A quiet title action must be verified and must allege the date as of which the determination is sought. Cal. Code Civ. Proc. § 761.020. In addition, a plaintiff must describe their title and the basis for their title. Cal. Code Civ. Proc. § 761.020(b). Here, as discussed above, Plaintiffs do not have title to the Property because they transferred their title to Beltahoe. *See* RJN Ex. B. The Complaint is also unverified. *See* Compl. In addition, the cause of action does not specify the date as of which the determination is sought. *See* Compl. ¶¶ 34–39.

1  Therefore, Plaintiffs' cause of action fails because Plaintiffs do not comply with the statutory
2  requirements to bring a claim for quiet title.
3      Second, and more importantly, the basis for Plaintiffs' claim lacks merit, as discussed at
4  length above.  In short, Plaintiffs have no standing to challenge the securitization process of their
5  Loan and fail to allege any prejudice from the process.  *See*, *e.g.*, *Jenkins*, 216 Cal.App.4th at 515;
6  *Siliga*, 219 Cal.App.4th at 85.
7      Consequently, Plaintiffs' cause of action for quiet title fails to state a claim and should be
8  dismissed by the Court.  Because the claim is premised on Plaintiffs' challenge of the
9  securitization process, Nationstar requests the Court dismiss the cause of action with prejudice.
10     **2.     Plaintiffs' Second Cause of Action for Declaratory Relief is Duplicative.**
11     In their second cause of action, Plaintiffs contend there is controversy between the parties
12 based on Plaintiffs' challenge of the securitization process.  Compl. ¶¶ 44, 45.  Plaintiffs cite to
13 two sections under the Internal Revenue Code that involve the ability to seek declaratory judgment
14 concerning the tax treatment of various issues.  Compl. ¶¶ 42, 43.  Neither is relevant here.
15     An action for declaratory relief (not involving the judicial determination of tax issues)
16 requires that there be a present and actual controversy between the parties.  Cal. Code Civ. Proc. §
17 1060.  Where "no present legal controversy exists, a cause of action for declaratory relief is not
18 stated."  *Ephraim v. Metro. Trust Co.*, 28 Cal.2d 824, 836 (1946).  Here, Plaintiffs' cause of action
19 for declaratory relief alleges there is a present controversy between the parties concerning their
20 interests in the Property based on Plaintiffs' challenge of the Loan's securitization.  Compl. ¶¶ 42,
21 43.  However, as discussed at length above, Plaintiffs' first cause of action for quiet title, premised
22 on the same theory and essentially requesting the same relief, fails as a matter of law.  As a result,
23 there can be no present legal controversy between the parties.
24     Furthermore, Plaintiffs' cause of action for declaratory relief is duplicative, improper, and
25 unnecessary.  An action for declaratory relief is usually unnecessary where an adequate remedy
26 exists under some other form of action.  *Pacific Elec. Ry. Co. v. Dewey*, 95 Cal.App.2d 69, 71
27 (1949).  In requesting the Court to make a declaration of rights, Plaintiffs are merely reiterating
28 their first cause of action for quiet title.  *Compare* Compl. ¶¶ 45, 48; *with* Compl. ¶ 39.  Therefore,

for these two reasons, the Court should grant Nationstar's Motion to Dismiss the second cause of action with prejudice.

### 3. Plaintiffs' Third Cause of Action for Slander of Title Fails Because Plaintiffs Do Not Have Title to the Property and Fail to Allege Damages.

In their third cause of action, Plaintiffs complain that an assignment of the Deed of Trust[2] and a substitution of trustee slandered title to the Property because the person who signed the assignment was without legal authority.  Compl. ¶¶ 49, 60.  Again, the basis for this belief is Plaintiffs' contention that the Loan was not properly securitized and therefore Nationstar has no right to enforce the Loan.  Compl. ¶¶ 53–56.  The elements for the tort of slander of title are "(1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss." *Sumner Hill Homeowners' Assn*, 205 Cal. App. 4th at 1030.

As discussed above, in Nationstar's introductory arguments, Plaintiffs have no standing to challenge the securitization process of their Loan and fail to allege any prejudice from the process. *See*, *e.g.*, *Jenkins*, 216 Cal.App.4th at 515; *Siliga*, 219 Cal. App. 4th at 85.  Therefore, the basis for Plaintiffs' central belief, that the unspecified assignment of the Loan is invalid, is without merit.

This claim by Plaintiffs also fails because Plaintiffs do not have title to the Property.  In January 2007, Plaintiffs transferred title to the Property to Beltahoe.  RJN Ex. B.  Again, to state a claim for slander of title, the owner of the property interest must suffer an economic loss as the direct result of the slanderous publication. *Sumner Hill Homeowners' Assn*, 205 Cal.App.4th at 1030.  Because Plaintiffs do not have a title interest in the Property, they cannot bring a claim for slander of title. *Id*.

Finally, yet another reason why Plaintiffs' cause of action fails is because they allege no damages resulting from the assignment and substitution of trustee.  Plaintiffs make the conclusory allegation that the Property has been rendered unmarketable and unsalable.  Compl. ¶ 63. However, Plaintiffs do not allege they attempted to market or sell the Property. *Id*.  Even

---

[2] The conclusory nature of this claim is illustrated by Plaintiffs' contradictory claim in their introductory statements, which complains that **no** recorded assignment exists. *See*, *e.g.*, Compl. ¶ 25.

1  Plaintiffs actually did, it is difficult to see how, if at all, an assignment or transfer would affect
2  Plaintiffs' payment obligations, the Loan, or the Property. *Fontenot*, 198 Cal.App.4th at
3  272("…an assignment merely substituted one creditor for another, without changing [Plaintiffs']
4  obligations under the note.").

5  Accordingly, Plaintiffs have not stated a claim for slander of title and Nationstar
6  respectfully requests the Court dismiss this cause of action with prejudice.

7  **4.  Plaintiffs' Fourth Cause of Action for Violation of Civil Code Section 2923.5 Fails to State a Claim Because No Foreclosure is Pending.**
8

9  In their fourth and final cause of action, Plaintiffs contend that Nationstar violated
10 California Civil Code section 2923.5.  Compl. ¶ 67.  Under Civil Code section 2923.5, before
11 recording a notice of default, a servicer is required to contact the borrower to assess the borrower's
12 financial situation and explore options for the borrower to avoid foreclosure.  Cal. Civ. Code §
13 2923.5(a).  Alternately, a servicer may comply with Civil Code section 2923.5 and may record a
14 notice of default if the servicer attempts to contact the borrower, but after due diligence is
15 unsuccessful in making contact.  Cal. Civ. Code § 2923.5(e).  However, Plaintiffs' cause of action
16 fails for the simple reason that there is no notice of default.  Plaintiffs do not attach the notice of
17 default to the Complaint and do not provide any details about when it was recorded.  Section
18 2923.5 only restricts **recording** a notice of default before the servicer has a discussion with the
19 borrower about foreclosure alternatives.  *See* Cal. Civ. Code § 2923.5(a)(1)("A mortgage servicer,
20 mortgagee, trustee, beneficiary, or authorized agent may not **record** a notice of default pursuant to
21 Section 2924 until…)(emphasis added).  Therefore, Plaintiffs' failure to pled facts establishing the
22 recording of a notice of default negates any claim under section 2923.5.  Nor can Plaintiffs remedy
23 this defect, because no notice of default exists.  *See* RJN Exs. C, D.  A simple search of the San
24 Mateo County Recorder's Office online grantor/grantee index conclusively confirms that no notice
25 of default has been recorded against the Property.  *Id*.

26 For this reason, because no notice of default has been recorded, Plaintiffs do not state a
27 claim for violating Civil Code section 2923.5.  Nationstar respectfully requests the Court grant its
28 Motion to Dismiss this cause of action with prejudice.

## V.     CONCLUSION

In sum, Plaintiffs are neither the correct parties to bring this lawsuit nor does their theory challenging the securitization of the Loan have any merit.  As a result, Nationstar requests the Court grant its Motion to Dismiss the entire Complaint with prejudice.

DATED:  March 7, 2014                    Respectfully submitted,

                                            SEVERSON & WERSON
                                            A Professional Corporation

                                            By:     */s/ Laszlo Ladi*
                                                           Laszlo Ladi

                                            Attorneys for Defendant
                                            NATIONSTAR MORTGAGE, LLC (erroneously sued as Nationstar Mortgage)